IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED 05 APR 19 PM 5:

ROBERT R. DI ___
CLERK, U.S. DI___CT.
W.D. OF TN, MEMPHIS

JERRY T. BURKE,

    Plaintiff,

vs.

No. 05-2028-B/An

TENNESSEE DEPARTMENT OF
CORRECTION, et al.,

    Defendants.

---

ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

---

Plaintiff Jerry T. Burke, Tennessee Department of Correction ("TDOC") prisoner number 142942, who was, at the time he commenced this action, an inmate at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on January 11, 2005, along with an in forma pauperis affidavit. Because the case is being transferred, the filing fee issue should be addressed by the transferee court. The Clerk shall record the defendants as the TDOC; the State of Tennessee;[1] Correctional Medical Services, Inc. ("CMS");[2] Bettye Smith, a nurse at the NWCX; NWCX Corrections Officer King; Alex Weaks, a maintenance worker employed at the NWCX; Dr. Smith, who is employed at the NWCX; Nickey Sadler, who is employed at the NWCX maintenance department; NWCX Warden Tony Parker; and NWCX Health Administrator Samantha Phillips.

---

[1] The Court construes the plaintiff's allegations against the NWCX as an attempt to state a claim against the State of Tennessee.

[2] The Court construes the plaintiff's allegations against the NWCX Medical Department as an attempt to state a claim against CMS, which operates that department.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 4-20-05



Twenty-eight U.S.C. § 1391(b) authorizes the commencement of a civil action only in a judicial district

> (1) where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

This claim has no connection with the Western Division of this district. The individual defendants are all employed at the NWCX, and the allegedly wrongful acts occurred at the NWCX.[3] The NWCX is located in Lake County, Tennessee, which is in the Eastern Division of this district. 28 U.S.C. § 123(c)(1). Moreover, even the plaintiff is not located in this division. Accordingly, the complaint asserts no basis for venue in the Western Division of this district.

Twenty-eight U.S.C. § 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

For the reasons stated, this action should have been brought in the Eastern Division of this district. Therefore, it is hereby ORDERED, pursuant to 28 U.S.C. § 1406(a), that this case is TRANSFERRED, forthwith, to the Eastern Division of the Western District of Tennessee.

IT IS SO ORDERED this 19th day of April, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The complaint contains no allegations concerning the residences of any of the defendants, so that factor provides no basis for venue in this division.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 6 in case 2:05-CV-02028 was distributed by fax, mail, or direct printing on April 20, 2005 to the parties listed.

---

Jerry T. Burke
NWCX
142942
960 State Route 212
Tiptonville, TN 38079

Honorable J. Breen
US DISTRICT COURT